Citation Nr: AXXXXXXXX
Decision Date: 10/29/21 Archive Date: 10/29/21

DOCKET NO. 200615-189684
DATE: October 29, 2021

REMANDED

Entitlement to service connection for obstructive sleep apnea, to include as secondary to a psychiatric disability, is remanded.

REASONS FOR REMAND

The Veteran served on active duty from July 1963 to July 1967.

The rating decision on appeal was issued in May 2020 and constitutes an initial decision; therefore, the modernized review system, also known as the Appeals Modernization Act (AMA), applies.

In the June 2020 VA Form 10182, Decision Review Request: Board Appeal (Notice of Disagreement) (NOD), the Veteran elected the Evidence docket. Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal, as well as any evidence submitted by the Veteran or his representative with, or within 90 days from receipt of, the VA Form 10182. 38 C.F.R. § 20.303.

Favorable Findings from the May 2020 rating decision consist of diagnoses of a psychiatric disabilty noted as other specified trauma and stressor related disorder, rated as 70 percent disabling, and obstructive sleep apnea.

1. Entitlement to service connection for obstructive sleep apnea to include as secondary to a psychiatric disability is remanded.

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. § 3.303. The three-element test for service connection requires evidence of: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the current disability and the in-service disease or injury. Shedden v. Principi, 381 F.3d 1163, 1166 -67 (Fed. Cir. 2004). 

Regulations provide that service connection is warranted for a disability which is aggravated by, proximately due to, or the result of a service-connected disease or injury. 38 C.F.R. § 3.310(a). Further, a disability which is aggravated by a service-connected disorder may be service connected to the degree that the aggravation is shown. Allen v. Brown, 7 Vet. App. 439, 449 (1995); 38 C.F.R. § 3.310(b). 

In order to establish entitlement to secondary service connection, there must be 

(1) evidence of a current disability; (2) evidence of a service-connected disability; (3) medical evidence establishing a nexus between the service-connected disability and the current disability. See Wallin v. West, 11 Vet. App. 509, 512 (1998).

The Veteran contends that his obstructive sleep apnea is secondary to his service connected psychiatric disability. Service connection is in effect for a psychiatric disabilty diagnosed as other specified trauma and stressor related disorder. 

The Board, in a December 2020 decision, determined that service connection for posttraumatic (PTSD) was not warranted.

In the Veteran's March 2020 claim he asserted that his obstructive sleep apnea was caused or aggravated the service connected other specified trauma and stressor related disorder. 

A February 2020 letter from a private physician, shows that the Veteran was diagnosed with PTSD and obstructive sleep apnea. The physician cited to medical literature and studies, that it has been recognized that PTSD aggravates obstructive sleep apnea causing neural sensitization leading to the upper airway dysfunction such as sleep apnea. The physician remarked that it was more likely than not that PTSD aggravated the sleep apnea condition. 

A May 2020 VA DBQ completed by a VA examiner shows that that after a review of the evidence of record that it was less likely than not that Veteran sleep apnea was aggravated by the service-connected psychiatric disability. The VA examiner remarked that nightmares and sleep disturbances caused by his mental health disability was not supported by sleep study in the records that will confirm aggravation of sleep apnea. The examiner also opined that it was less likely than not that the obstructive sleep apnea was secondary to service connected psychiatric disability. The examiner remarked that most common cause of obstructive sleep apnea was excess weight and obesity, which is associated with soft tissue of the mouth and throat, during sleep, when throat and tongue muscles are more relaxed. This soft tissue was noted to cause the airway to become blocked and no literature is found that established a causal relationship between other specified trauma and stressor related disorder and sleep apnea. 

A review of VA and private treatment records shows that the Veteran's psychiatric disabilty diagnosed as other specified trauma and stressor related disorder had resulted in manifestations of sleeping difficulties and a chronic sleep impairment.

Here, while the February 2020 private physician provided a positive nexus opinion regarding aggravation of sleep apnea by PTSD, the Veteran is not service connected for PTSD therefore service connection cannot be granted based on this opinion. 

Regarding the negative nexus opinion provided by the May 2020 VA examiner, 

the Board notes that the examiner reported that there was no medical literature to support that assertion that a psychiatric disabilty could aggravate sleep apnea. However, the Board notes that the Veteran has submitted numerous medical articles and studies reporting that PTSD and other psychiatric conditions could aggravate sleep apnea. Additionally, the examiner did not provide an adequate rationale differentiating the symptoms of PTSD from the other psychiatric disability of other specified trauma and stressor related disorder.

Therefore, the Board finds that this matter must be remanded for an additional 

VA examination to determine whether the Veteran's service-connected psychiatric disability caused or aggravates obstructive sleep apnea to include a discussion of the Veteran's chronic sleep impairments as well as medical literature showing that psychiatric disabilities may aggravate obstructive sleep apnea. 

Based upon the deficiencies detailed above, the Board finds that the opinions currently of record are inadequate, and that the AOJ's reliance on them thus constituted a predecisional duty to assist error requiring remand. See Barr v. Nicholson, 21 Vet. App. 303, 311 (2007) (stating that once VA undertakes the effort to provide an examination when developing a service-connection claim, even if not statutorily obligated to do so, it must provide an adequate one or, at a minimum, notify the claimant why one will not or cannot be provided).

This matter is REMANDED for the following action:

Schedule the Veteran for a VA examination for his obstructive sleep apnea and its relationship if any to his service connected psychiatric disabilty. The examiner must review the claims file. 

Please answer the following:

Does the service-connected psychiatric disorder, however diagnosed, impact OSA such that it 1) causes or 

2) aggravates it?

The examiner is to consider the medical literature and studies submitted by the Veteran in support of the claim and the February 2020 private physician report supporting the theory that his obstructive sleep apnea is aggravated by the service connection psychiatric disability to include symptoms of a chronic sleep impairment. See 3/11/2020 Medical Treatment Record Gov't Facility, at 12-13. 

The examiner must provide a complete rationale for his or her opinion(s) in the examination report. If any of the above requested opinions cannot be made without resort to speculation, the examiner must state this and provide a rationale for such conclusion. 

 

 

Paul Sorisio

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board J. Dworkin, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.